Woodworth for the defendant.
Two reasons may be urged why the present verdict should be set aside. First, the judge refused evidence proper in mitigation of damages : Second, he overruled that, which was proper in justification. As to the last position, it may be doubted whether the defendant could justify according to the statute,* “ for more easy pleading in certain suits,” though certainly must be allowed to be within the spirit of it, The words are, “ If f any action upon the case, trespass, “ battery, or false imprisonment, be brought against any sheriff, &c. or any other person who in their aid or as~ “ sistance, or by commandment, do anything, &c. it shall be “ lawful for every person aforesaid, to plead thereunto the “ general issue, and give the special matter in evidence,” By a liberal construction of this act, it may well be said, that Manly acted “ in aid and by commandment” of the justice. An execution had issued ; it was delivered over to the present defendant by the justice, to be by him transmitted to the constable, Tlie orders of the defendant, for the arrest and imprisonment, were nothing more than a repetition of what the justice commanded him to s ay, On the other point, the evidence must be considered as clearly proper to have been received, and the rejection therefore not warranted. Whether Manly had a substantial defence to defeat the action or not, could be known only by disclosing facts, which would present a different case than that stated by the plaintiff. They ought then have come before the jury, as a measure of damages. If asked whether the imprisonment was made under a lawful authority, or of his own will, the answer, according as it was given, would lead the jury to very different conclusions. Had it been done,, the plaintiff in this case, would not have been entitled to more than nominal dí¡.= *255 mages. Suppose the action assault and battery, and the defendant neglecting to plead an assault demesne, rests on non cul. At the trial the plaintiff proves an assault, but the same witness can testify that the plaintiff struck first; it not be shewn in evidence on the part of the defendant ? Though this might not justify, it would greatly mitigate.* The question on the trial, on the part of the plaintiff was, “ Did you imprison the plaintiff by order of the defen- “ dant ?” The question on his part was, “ Were you au- “ thorized to do so?” The answer would have been . _ , _ . . . “ Yes 1 I have the execution to shew ; but this was not permitted to be done. Whether this would have amounted to a justification or not, is immaterial; all that was wanted was, to shew that the plaintiff was entitled to no-7 1 # minal damages only, and to reduce them to that. Again, supposeanofficeractingunder avoid process,and the plaintiff proves an arrest, would not the court allow the defendant to shew the process , though it was an illegal one ? This, it is true, would not be a justification, but it would be a mitigation. Therefore, in cases like this, the application is to the discretion of the court, and they will see that justice be done to the party aggrieved, when there has been an action against all conscience. Instead of six cents damages, 50 dollars have been given. This is not one of those cases where the court refuse new trials, because the gum recovered is so inconsiderable, that it would be absurd to have recourse to another. The reason does not apply here, because, allowing the verdict goes the same way, the court are not sure the result will be the same : six cents only may be given, and then costs will not follow, unless the judge certify. But, as the verdict may be different, the court surely will never presume both that the verdict shall be similar, and that the judge will certify also. There are many circumstances to induce a new trial j there has not been a full disclosure of facts; the whole truth has not been told, and therefore justice has not been done.
Allen ctihtra. On the point first argued, though the fast that was made, it is to be observed, |hai the statute
*256 of our state is a transcript of that of James ; the authorities therefore, on the construction of that, will govern in the consideration of the present case. The defendant, to avail himself of that statute, ought to shew, that he is an officer within its meaning ; that he was acting by virtue of an authority from the justice, or in his aid, or by his command. If he does not do this, he cannot avail himself of the statute 3 Burr. 1742.* Further, if the defendant is not shewn to be liable, in consequence of neglect in complying with the justice’s £ ommand, he is not an officer within the meaning of the law, Doug. 307.† It is not stated that he received the execution from the hands of, the justice ; nor that he was an officer, nor acting in pursuance of any authority, nor in aid. It does not appear by what means the execution came into his hands. If he means to shelter himself .under the justice of the peace, he must shew a connexion or privity between himself and the magistrate. This can only be done by pleading right. If justice has not been done, it is the party’s own fault. His mispleading is the source of Ills complaint. When the constable was asked whether he did not proceed upon an execution, it was a justification ; and as no notice had been given, that it was intended to be relied on, the plaintiff was not prepared, and might have been prevented from doing away its force, by showing it amounted to nothing. Not, therefore, having done what the law requires in such a case, but relying on the general issue, the defendant is now precluded. It was enough for the plaintiff to prove that the defendant did imprison. This was all that could be thought necessary; the plaintiff rested his case at that ■ point, and could never imagine it would be attempted to introduce a justification, of which no notice had ever been intimated. The complaint, therefore, now made, of injustice having been done, could never have existed, had the defendant adhered to the rules of practice. The testimony, therefore, was properly overruled, because, under the general issue, notice of justification ought to have been given. The witness having been the plaintiff’s, does not alter the matter. If the defendant is about to draw out from
*257 Mm testimony not admissible, it is the same thing as if endeavoured to be given by a witness on the part of the defendant,* and the plaintiff has a right to object. The court will not open a case again, where the expence of going to a second trial, will amount to as much as the damages given.
Spencer in reply. The authorities cited from Burrows and Douglass, requiring a party who would justify to shew a connexion between himself and the officer, in aid of, or under whom he acts, are not applicable. They must be where a privity cannot be presumed. Where no command^ either express, or implied, is made to appear. In the present case, the implication, that the defendant did act in aid, and by command of the justice, is irresistible. A judgment had been obtained by the defendant, an execution had been issued, and was delivered to the officer, by Manly, who, it must be presumed, had applied for it. It is not possible perhaps to shew a delivery of the writ by the justice to the defendant, but as every thing would induce an inference that it was so, it ought to have been left to the jury to determine from the evidence, ready to be offered, whether he did not merely act in aid of the justice. This privity, then, so much insisted on, would have been shewn, and the jury could not but have said,.the imprisonment was perfectly in aid; the case, therefore, within the letter, as well as spirit of the act. Though the pleadings might have presented a justification, surely a mitigation was allowable, and in that point of view, the evidence was improperly rejected. The amount of the verdict, when connected with costs, might not be so inconsiderable as is supposed; there are men to whom it would possibly be half their fortunes. On no account, therefore, should a second investigation be refused.
Per curiam, delivered by Lewis, chief justice. An application is now made for a venire de novo, on the ground of misdirection, on the second point of defence.
The defendant having been the mere bearer of the writ (which was an execution in his own suit) from the justice to the constable, can neither be considered as a bailiff, or de-
*258 puty, xvithiu the letter or spirit of the statute, and of course r ' . , , , • j , not entitled, under the general issue, to give the special matter in cx-idcncc, by xvay of justification. The testimony, as' ^ was offered, xvas therefore properly rejected. There is, however* a point of viexv, under xvhich had it been presented, it xvould have been proper, and ought to have been admitted. The only ground on xvhich the liability of the defendant is contended for is, his having directed the officer xvhen he delivered Mm the process, to arrest and imprison the plaintiff If, then, it could have been shexviq that the arrest and imprisonment xvas not a consequence of his instructions to the officer, but in pursuance of a competent and paramount authority, his plea xvould have been substantiated, and a verdict xvould have passed for him. For if ihe arrest and imprisonment was the effect of any other cause than the instructions he gave the officer, he xvas emphatically not guilty, and it xvas not a case for justification.We are therefore of opinion the verdict be set aside; but it must be on payment of costs, as no misdirection appears.

 The general rule is, that matter of justification must be pleaded. Bull. Ni. Pr. 17. Co. Litt. 282. b. But lee Bingham v. Garnault, Esp. Ni. Pri. 317, where one of the plaintiff's witnesses was, on a cross-examination by a defendant in an action of assault and false imprisonment allowed to relate what was said at the time in mitigation.

 Money & al Leach.

 That was an application to enter a suggestion on the roll, that the defendant was a constable, to entitle todouble costs, the verdict having been found in bis favor. By our law the jury who try the caufe, assess the treble damages given. Sec. 2.

 9 See note ante page 235