## ARGUED AND DETERMINED

### AT

# NISI PRIUS.

SITTINGS AFTER MAY TERM, 1809, AT NEW YORK.

CORAM MR. JUSTICE SPENCER.

———————

THORNE *against* WOODHULL, *survivor of* KIP.,

A note must be supposed to have been indorsed on the day mentioned in the declaration, until the contrary is shown; and the allegations of the indorser, after the indorsement, are inadmissible to show an indorsement of the note after it became due, to let in the defendant to his equitable defence.

THIS was an action on a promissory note, made by the defendant in favor of John and William Thorne, and by them indorsed to their father, the plaintiff. In the declaration the note was averred to have been indorsed in due season before it had become payable.

Plea, general issue, with notice of set-off.

The subject of the defendant's set-off was a promissory note, drawn by John and William Thorne, in favor of Casenave, and by him indorsed to the defendant Woodhull. The defendant's counsel contended that they had a right to set off this note against the plaintiff's claim, because the note declared on had been indorsed to him after it became due.

To prove this fact, they offered an account current, rendered by John and William Thorne, to the defendants, some time after the notes had become due, in which account the note, declared on, was debited to the defendants.

SPENCER, J. The testimony is inadmissible. In legal intendment, the note must be supposed to have been indorsed on the day alleged in the declaration, and the allegations of the indorsers, after the indorsement, cannot affect the rights of the indorsee. You must prove the time of making the indorsement by other evidence. Defendant did so, and obtained a verdict.(1)

*Colden* and *Radcliff*, for the plaintiff.

*Hoffman* and *Wells*, for the defendant.

(1) It is a general rule, that subsequent declarations of a party to a sale or transfer of property, which go to take away a vested right, are not admissible evidence. *Phœnix* v. *Assignees of Ingraham*, 5 Johns. 412. But the admission of the indorsers could not be received in this case for another reason, they were good and competent witnesses to prove the time of indorsement. *Baker* et al. v. *Arnold*, 1 Caines, 255. And where a person is a competent witness, evidence of his confessions are inadmissible. *Alexander* v. *Mahon*, 11 Johns. 185.